## SUPREME COURT—IN BANCO.

### APRIL TERM—1871.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

### ESTATE OF F. MOLTENO.

ADMINISTRATORS are not allowed commissions on specific chattels transferred in kind.

ALLEN, C. J.: The administrator on this estate presented his account for allowances in which was a charge of commissions on the appraised value of a portion of a schooner belonging to the estate, and which the administrator had transferred to the guardian of the minor heirs. This charge was disallowed by Justice HARTWELL sitting in Probate, and an appeal was taken from that decision.

The statute provides for the compensation of administrators by allowance of commissions for receiving and paying out moneys, and for actual expenses incurred. It is like the statutes of New York, differing only in the amount of commissions. It is in effect a transcript of the statute, and its construction by the able Courts of that State is entitled to very great consideration.

In the case of Vanderheyden *vs.* Vanderheyden, 2 Paige Chanc. Reports 288, Chancellor Sandford says, "that the executor is entitled to all proper expenses to which he had been subjected in the care and management of the estate, and that he might employ an agent or clerk and charge the estate with the expense, where, from the peculiar situation of the property, it was beneficial for the estate to subject it to that extra expense. But the executor or guardian, for his own expense must be confined to the allowance at a fixed

Estate of F. Molteno.

rate, by way of commission, on the moneys received and disbursed, as settled by the Court, in full for all his services in discharge of that trust."

The case of Cairns et al. *vs.* Chaubert et al., 9 Paige Chancery, 164, has been cited in support of the charge: "The Court says that the decree was right in allowing to the executrix commissions upon the bonds and mortgages which were valid and collectable, and which were assigned to the trust company with the assent of the surrogate and the appellants, as permanent securities for the benefit of the remaindermen. This money was in legal effect received and paid over for the purpose of the trust. The executrix was not, however, entitled to commissions on the $10,000 at which the bridge property was inventoried, until it was actually sold and the money invested for the purposes of the trust."

The account of the trust estate of Holt, has been referred to as an authority for the allowance claimed. In that case the parties in interest rented of the trustee portions of the estate, and in the settlement, although the money for the rent did not actually pass, but was accounted for to each party in offset for his portion of the income, it was regarded as money in legal effect, received and paid over for the purpose of the trust.

This is not like the case of the transfer of specific property in the inventory to the *cestui trust*. Here the property was rented to him and payment made in offset to income due.

It avoided the formality of receiving money for the rent and then paying over the portion of income belonging to the party.

Executors may be allowed reasonable expenses for the charge of the estate, and if necessary, may employ an agent. Glover & Holley, 2 Bradford, 291.

I am not aware that commissions ever have been allowed for the transfer of property to heirs or devisees, unless

37

executors or administrator had had the responsibility of making the sale, collecting the money and paying it over. Commissions are never allowed on property inventoried, but upon the amount for which it has been actually sold and paid over, or invested as the trust may require or the Court may order.

We understand this to be the construction given to the statute of New York, from which the provisions of our laws are taken.

In this case, the expenses of taking charge of the schooner should be allowed, but I am of opinion that no farther allowance can be legally made.    The exceptions are overruled.

HARTWELL, J.:   The statute allows administrators a certain per centage "for receiving and paying out moneys," also "such additional allowance for their actual expenses as the judge or Court may deem just and reasonable."   Section 1281 Civil Code.

The statute gives the Court discretionary power in allowing *guardians* such compensation for their services as it shall consider just and reasonable.   Section 1370, Ib.

This last provision amends the act of 1847, under which, guardians' compensation had been fixed like administrators', by a certain commission on moneys received and paid out. Section 1282 of the Civil Code declares that Justices of the Supreme Court may revise but not increase statute fees.   It is immaterial whether the administrator's payment for his services be termed commissions, statute fees or compensation, if the Court can authorize anything to be paid beyond the sums fixed by statute.   If such discretion may be exercised with administrators, why not also with witnesses' and constables' services, likewise provided for by statute, but as is well known, in many cases not compensated thereby, even to the extent of their actual necessary expenses?   I I think the statute excludes the exercise, by the Court, of discretionary power in all such cases, for the purpose of

Estate of F. Molteno.

awarding compensation for services beyond the statute sums.

If the statute fees are insufficient for administrators, and would induce them to cause a sale of personal property in order to increase their fees, when a direct transfer is desirable, the policy of the statute is injurious, and ought to be remedied by the Legislature. If heirs of full age and capacity choose to accept specific property *as so much money*, commissions on the estimated value would at least be far more appropriate than in cases of transfers for the benefit of minors.

The law of England allows no compensation to executors and administrators from the view that trustees should derive no benefit from their trust, nor have power to lessen its value. Robinson *vs*. Pett, 3 P. Wms., 249 ; Hill on Trustees, 849 ; 2 Redfield on Wills, 890. The British Colonies found it necessary to allow compensation in order to obtain suitable trustees, and colonial acts to that effect are enforced in England. Chatham *vs*. Audley, 4 Ves., 72. The English rule was approved in some of the States of the United States and rejected in others, the subject being regulated by statute. See Winter *vs*. Green, I Johns, Ch. 37, note 2 ; Lead. Cases in Eq., 435.

In New York under a statute like our own, commissions are allowed on bonds and mortgages as on money, when received as such by the legatees. Cairns *vs*. Chaubert, 9 Paige, 162 ; so on debts due the executor. Meacham *vs*. Stearns, *Ib.*, 405 ; and even on real estate. Wagstaff *vs*. Lowerre, 23 Barb., 211 ; and for a not literal construction of the statute, see De Peyster's Case, 4 Sand. Ch. 511, and 8 N. N., 444. The decisions of the courts do not seem to be reconcilable. Whatever policy may be best, it seems to me that is for the Legislature only to say, and that the Court should interpret the statute literally.

I know no reason in this case why the full amount claimed by the administrator is not a perfectly fair return for his ser-

vices and responsibility, and if there were authority to do so, I should allow the commission. For the reasons I have given, I decline to grant the petition.

WIDEMANN, J. : I do not think that the law admits the idea of allowing commissions to administrators on the value of specific items of property transferred to the heirs in kind.

Without expressing or forming any opinion on the doctrine that special compensation should be given in extreme cases of hardship, it is clear to my mind that this is not a case in point.

I therefore think that the exceptions should be overruled.

S. H. Phillips, administrator *pro se.*