In the Matter of the Accounts of the Guardian of the Minor Heirs of CHARLES A. LONG, Deceased.

APPEAL FROM RULINGS BY DOLE, J.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

PRINCIPLES AND RULES FOR THE ACCOUNTS OF GUARDIANS.

A Guardian who succeeds himself as Administrator is upon the same footing in respect to guardian's commissions as if he had received the estate from another person.

It is the duty of a guardian to render account to the Probate Court *annually*.

It would be anticipating commissions, which are due only on the entire term of the guardianship, to charge in the first annual account the entire funds as received and disbursed. The Court may allow a proper amount to the guardian.

In the event of a change of guardian, the Court will allow an equitable proportion of the commission on the entire fund.

Guardians may charge commissions at ten, seven and five per cent., as allowed by the statute, at the end of each annual account rendered, upon all actual disbursements during the term, not to include investments, but they will not be allowed the advantage of separating the accounts into annual periods unless actually so rendered.

When the widow's one-third interest in the estate remains unsevered,
  the guardian managing the entirety may charge as guardian only
  two-thirds commissions, dealing with the widow as her agent for
  her proportion of the service.

An account of the receipts and payments from the investments must
  be rendered, in which property received in specie must be dis-
  criminated from that received in money.

OPINION OF THE COURT, BY McCULLY, J.

This matter comes before us upon an amicable appeal by the
guardian, the widow of the decedent being the contesting party,
from the decision of Mr. Justice Dole in the Probate Court upon
several matters in the Master's report on the guardian's ac-
counts. This report recommends the payment of certain com-
missions which are not claimed by the guardian in his account.
Thus the guardian, in rendering an account covering four years,
while dividing it into four annual accounts, did not charge
the higher rate of commission of ten per cent. on the first
thousand, and seven per cent. on the next four thousand, and
five per cent. on the remainder, of receipts and disbursements
for each year, but once only. The charge of a commission for
collecting rents of property in which the widow had a one-third
interest was by the guardian made only upon the two-thirds
belonging to the minors, the widow being charged nothing.
The Master has placed this in the guardian's account upon his
own impression that it was due the guardian.

The charge of commissions upon the capital sum received
appears to have been made in accordance with the advice of
learned counsel, and it is in accordance with a usage which has
not been without the approval, in many instances, of individual
Judges of the Court.

We deem it proper to say that the accounts and charges of
the guardian as presented by himself, and also as modified by
the Master, have considerable of such precedent to support
them, and that the matters which are hereinafter the subject of
correction have not been hitherto examined in a controversy

before the Full Court. So that this may be viewed as a test case, and the judgments given as more precise rules for the accounts of guardians in the future.

The several points of the decree may be stated and discussed severally in order.

The Court first decrees: That the said guardian is not allowed to charge commissions on the sum of $26,901 received by him as such guardian, he having already charged commissions thereon as administrator.

By examination of the record in the estate of Charles A. Long, it appears that in October, 1880, upon the application of F. A. Schaefer for the probate of the will, "the Court appointed the petitioner administrator with the will annexed under a bond of $30,000, and guardian of the minor children, his bond as such to be fixed at the expiration of the administrator's duties."

The will, which is very brief, devises his property equally among his children, and "my wife Julia to have her share according to the law;" and "I appoint Mr. F. A. Schaefer, of Honolulu, administrator for my children." The administrator proceeding with the settlement of the estate, December 23, 1881, presented his first accounts, which, as approved by the Court, January 14, 1882, showed a balance of receipts to the amount of $26,744.

Included among the disbursements are the amounts paid for the maintenance and tuition of the children. They are not returned as a separate guardian's account.

December 21, 1881, Mr. Schaefer, as guardian, filed a petition for a license of the Court to sell a certain piece of real estate, the widow concurring, on the ground of making a better investment of the proceeds, and the same was afterwards sold.

In February, 1881, Mr. Schaefer, as administrator and guardian, petitioned the Probate Court to proceed to admeasure the dower of the widow, which was thereafter done. On the 3d of May, 1883, Mr. Schaefer presented his accounts as guardian from October 1, 1881, showing:

Receipts transferred from the estate ......... ......... .. ..... .........$24,223 96
Receipts from interest ..... .....' ........ ...... ...... ...... ......... ......... 1,512 70

$25,736 66

Expenditures for the support of the minors, taxes, commis-
sions, etc........ ...... ...... ......... ......... ......... ......... ..... ... ...... 1,295 40

$24,441 26

The account is indorsed by the Clerk as "merged into the final account of the administrator February 26, 1884."

April 4, 1884, the administrator, having previously filed his final account and petitioned for discharge, was discharged upon filing receipts for balance of the dower and of " F. A. Schaefer, guardian of the minors, for $26,139 40." His bond, as administrator, was ordered cancelled, and he was ordered to file a new bond for $30,000 as guardian.

It appears thus that Mr. Schaefer was the guardian as appointed by the will and confirmed by the Court; and likewise administrator with the will annexed by appointment of the Court. He was not required to give a guardian's bond until he had concluded his duties and been discharged as administrator, for the entire funds of the estate were secured by the administrator's bond, and the guardian must be considered as receiving from the estate only the money which he disbursed for the minors.

As administrator he was entitled to the statute fees and received them; and it is not doubted that the offices and functions of administrator and of guardian are separate even when held by the same person. They may be held by different persons, and frequently are. In the present case Mr. Schaefer might have been appointed administrator, and during the continuance of the administration have paid to another as the guardian from time to time amounts to meet the expenses and disbursements for the minors.

The guardian in either case would be entitled to the statute commissions on the amount so received and disbursed.

Now, at the passing the final accounts of administration, the transfer is manifestly made of the remainder of the adminis-

tered estate, with the dower subtracted, to the guardian, who then gives a bond conditioned for the special responsibilities and duties of a guardian, differing in many respects from those of an administrator.

The contention of the contestant is, that the guardian should not be allowed commissions on the balance of the estate belonging to the minors, because he has received a commission on the same for the administering. But the statute gives commissions to a guardian for guardian services without making an exception for the case where he has done the service of administrator.

The statute, page 421, Compiled Laws, gives guardians, as also administrators and executors, " for receiving and paying out moneys ten cents for every dollar up to and not exceeding one thousand, seven cents for every dollar between one thousand and five thousand, and five cents for every dollar over five thousand." These percentages are for money both received and disbursed. They cannot be considered as being apportionable one-half to the receipts and one-half to the disbursements. Where this is the intention of the law, it is so expressed. See Section 994, at page 293, of the Compiled Laws, where the commissions of the assignees of a bankrupt were made $2\frac{1}{2}$ per cent. on all the property received, and $2\frac{1}{2}$ per cent. on all property disbursed by them, afterwards repealed by the Bankrupt Act of 1884, which ordains 5 per cent. on all moneys received and paid out. In the end everything received is paid out by the guardian, the capital sum, increased or diminished as the income may have been greater or less than the disbursements, being paid to the ward or wards.

The Court requires an annual accounting, and at these annual rests allows on the income received and disbursed a percentage of ten, seven and five per cent. If the increment is greater than the disbursement, the excess is added to the principal. It is only on the disbursement of the principal or the final distribution of it that commissions become due in full thereon. The guardianship is considered as an entirety from the beginning until it is closed. A new guardian appointed in the

place of an old one continues the service, for it is the same function unfinished, in this differing from a guardian who receives funds from an administrator.

It must be held that to take out the commission for receiving and disbursing the principal at the beginning of the guardianship would be anticipatory, and might result in complications in case of the appointment of a new guardian : for example, by reason of the death of the first.

Guardians may charge commissions at the end of each annual account rendered, upon all actual disbursements during the term, not to include investments, and at the termination of his guardianship commissions to be allowed him for the balance of funds accounted for by him ; provided, however, that in case a guardian shall cease to act as such for any cause before the necessity for a guardian in the matter of his wards shall expire, he shall receive such portion of the commission upon the balance of funds accounted for by him as shall be equitable in the opinion of the Court, according to the circumstances of each case.

The second item of the decree appealed from, "that the said guardian is allowed to charge the estate of said minors with commissions upon the widow's third, and to pay the widow her third, less her proportion of the taxes and her expenses."

If by this is meant that the guardian is allowed to charge against the estate of the minors the commissions to which the administrator would be entitled for receiving and disbursing moneys constituting the widow's dower, it is clearly wrong, as is apparent by the statement in this form. And if it is intended that the guardian shall charge the two-thirds interest of the minors, in any estate which is held undivided and in common, with full commissions, which must be the only other thing meant, we are not of this opinion. We learn from the estate proceedings that there is some property so held in common. If it is found necessary, in fact, that this property should be managed and the rents collected by one person, and he the guardian, he is for this purpose the agent or attorney in fact for the widow, and they

must make their arrangements as to the agent's compensation. It would be clearly illegal to charge the minors half as much again as the law allows, which taking the whole rate from the two-third owners would amount to.

The third article of the decree allows the statute charge of ten, seven and five per cent. only on the aggregate of the business for the four years, of which accounts were rendered at the same time, although with a separation of the accounts of each year. There is no statute regulating this, but we think it a just rule to make, and to be uniformly followed hereafter, that the commission at the rate of ten per cent. for the first thousand, and of seven per cent. on the next four thousand, shall be allowed on each year's account only when it is rendered annually.

The term of a year is the most general and the most convenient unit of time in contracts of investments by trustees. Money is loaned and secured by mortgages at an annual rate of interest, although it may be payable at quarterly or semi-annual periods. Real estate is generally leased by the year, although the rents may be payable at shorter terms. It is advisable that the guardian report to the Court at no longer interval, and the rests in his account should correspond with the annual term. It will be an incentive to punctuality in observing this term if the larger commission depends on it.

The language of the bond is, that the guardian shall render his account within one year from the date of his appointment, and at such times thereafter as the Court shall order. And it has been a uniform practice in our Probate Court to order him to file his account at the end of every year from the date of appointment.

The next point in the decree regards charges against the widow for insurance on the Punchbowl street premises, which have been set apart in her dower.

It seems to us that if the guardian insures to protect the reversionary interest of his wards, it should not be charged to the widow, and that a charge against the widow has no place in

this account, which is limited to the transactions of guardian and wards.

An account of the receipts and payments from the investments must be included in the accounts. In all the accounts there must be a discrimination made between property or chattels received in specie, and moneys. It is only upon money received and disbursed that the statute allows commissions. The rule laid down in *Re the Estate of Frank Molteno*, 3 Hawn., page 288, is to be followed.

We find no inventory by the guardian on the files. He should file one enumerating and describing the several items of real and personal property received by him.

His accounts should show separately the re-investments and disbursements for current expenses. He should not take the whole commission out in the first year for receiving the principal of the ward's money, but leave it to the Court to allow such an amount to be taken on account as it may deem proper.

It will be necessary, therefore, to render new accounts adjusted by the principles and rules laid down in this decision.

And it is so ordered.