# IN THE MATTER OF THE ESTATE OF AUGUST KRAFT, DECEASED.

APPEAL FROM DE BOLT, CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 6, 1904.        DECIDED OCTOBER 17, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

COMMISSIONS—*of administrators.*

    Administrators are not to be allowed commissions on chattels delivered in kind to an heir or legatee. *In re Molteno*, 3 Haw. 288, followed.

CONVERSION—*election.*

    Commissions are not to be allowed an administrator with the will annexed where a will has directed the sale of real estate, but before the sale has actually taken place, the devisees, having the entire beneficial interest, have elected to take the land in place of the proceeds of the same. An actual conversion into money must have occurred to authorize the allowance of commissions under the statute.

### OPINION OF THE COURT BY HATCH, J.

This is an appeal from a Circuit Judge of the First Circuit Court sitting in Probate, in the matter of the will of August Kraft, deceased.

August Kraft died in Honolulu on August 3, 1900, leaving a will which was duly admitted to probate on the 14th day of January, 1901. The executors named in the will having resigned, W. L. Howard, the appellant, was appointed administrator with the will annexed. By the second paragraph of the will, all real and personal property of the testator is divided

equally among his children, naming them, and a direction is given that his real estate, situated on Lunalilo street in Honolulu, should be sold at public auction, unless purchased by one of the testator's sons. The sale of the real estate was duly advertised by the administrator, but no purchaser was obtained. Thereupon, on the 25th day of September, 1903, the legatees named in the will filed an election to take the real estate directed by the will to be sold in lieu of the proceeds of sale. On the 27th day of October, 1903, the legatees filed a similar election to take certain chattels in lieu of the proceeds of sale. The administrator with the will annexed filed his final accounts on November 13, 1903. He therein credited himself with the sum of $707.74, being five per cent. commission on the sum of $14,154.75, the appraised value of the real and personal property elected to be taken by the legatees in lieu of the proceeds of sale of the same. On the objection made on behalf of the legatees to the allowance of this item, it was disallowed by the Circuit Judge, and the administrator was surcharged with the amount above named. From this decree the present appeal was taken.

Two questions are raised on the appeal, namely, the administrator's right to commissions on the chattels, and his right to commissions on the real estate. The statute provides as follows:

"Fees of Executors, Administrators and Guardians:—Executors, administrators and guardians shall be allowed the following commissions upon all moneys received and accounted for by them, that is to say:

"Upon all moneys received representing the estate at the time of the institution of the trust, such as cash in hand and moneys realized from securities, investments, and from sales of real estate and personal property other than interest, rents, dividends and other profits coming due after the inception of the trust, two and one-half per centum. Upon the final payment thereof or any part thereof, two and one-half per centum." C. L. 1897, Sec. 1493.

As far as the personal property is concerned, the law in this Territory is settled by the case *In re Molteno,* 3 Haw. 288. It is

there held that administrators are not to be allowed commissions on specific chattels delivered in kind. This was affirmed in the case of *Estate of Long,* 7 Haw. 368. This rule has been settled law in this jurisdiction for thirty years, and we see no reason for now departing from it. It is true, the statute in force at the time *In re Molteno* was decided differed in some respects from that now existing. The points of difference, however, are immaterial to the present question. It is urged that we should reverse *In re Molteno* and follow the rule adopted in more recent cases in New York, and in some other States. The decisions in the different States are not uniform. Their statutes upon this subject differ in so many respects from ours that little aid can be gained from a consideration of the cases upon those statutes in any question of construction of our own statutes. Aside from this, however, we consider that where a rule has prevailed for so long a time in our own courts, it should not be departed from unless a very conclusive case is made out for the adoption of a new rule. The statute is clear and positive in its terms, and scarcely allows room for difference of opinion in the construction of the same. No sufficient showing has been made to warrant the adoption of a new rule.

We think that a similar rule should be followed in regard to the real estate. It has been urged by appellant that the doctrine of conversion applies. Unquestionably the equitable doctrine of conversion in certain circumstances requires real estate to be treated as personal property; also the proceeds from the sale of real estate should at times be made to retain the character of real estate. This may occur in consequence of the provisions of a will, or to preserve equities, or in cases where, by the statute of descents, real and personal property follow different channels. The basis of the doctrine of conversion depends upon an application of the rule that in equity all things directed to be done are treated as done. This has no application to a consideration of an administrator's right to commissions, in which the statute governs, and in which the administrator's allowance must

depend upon acts actually done by him. The statute provides that the administrator shall be allowed commissions only upon moneys received and accounted for by him. The court has no authority to enlarge this statute, nor to make an allowance in any other case than is therein provided. No actual conversion of property took place. The legatees, by filing their election to accept the real estate in lieu of cash, put an end to the power of the administrator in the premises. This the legatees had the undoubted right to do at any time. The law is well settled that devisees under a will, having an absolute and vested right in the proceeds of a sale of land directed to be sold under a power given to executors, may at any time before the power of sale is executed, elect to take the land instead of its proceeds, according to their respective interests in the latter, and thus prevent a sale. *Trask v. Sturgis,* 170 N. Y. 482; *Mandlebaum v. McDonnell,* 29 Mich. 77; *Fluke v. Fluke,* 16 N. J. Eq. 478; *Ridgway v. Underwood,* 67 Ill. 419; *Patterson's Ap.,* 6 Atlantic 759.

The administrator with the will annexed had, under the will, only a naked power of sale. The title to the real estate was in the devisees named in the will. The power of sale having been absolutely extinguished by the action of the devisees, and no sale in fact having taken place, and the administrator with the will annexed not having in fact received any moneys from the sale of said real estate, the narrow question remains between him and the devisees whether or not commissions can be allowed under these circumstances, under our statute. Upon this point the statute leaves no room for the application of the doctrine of constructive conversion. As before stated, the right of the administrator to commissions depends upon acts actually done by him; the actual collection and disbursement of cash. It would appear reasonable that an executor in cases like the present should receive some compensation for services both in the care of the real estate and in preparing for a sale. The court, however, is without authority to make an allowance. The only remedy is through the Legislature by an amendment of the statute.

The appeal is dismissed and the case remanded to the Circuit Judge for the First Circuit having jurisdiction of the same.

*Philip Weaver* for the administrator.

*Thayer & Hemenway* for the devisees.