# IN THE MATTER OF THE GUARDIANSHIP OF ISAAC KAIU, A MINOR.

APPEAL FROM CIRCUIT COURT, FIFTH CIRCUIT.

ARGUED MAY 11, 1906.                    DECIDED MAY 21, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

GUARDIANS—*accounting.*

Guardians should file annual accounts.

ID.—*maintenance of ward.*

A guardian may be allowed a reasonable sum for the maintenance of his ward, to be paid to the mother, which in this case is fixed at $15 a month.

ID.—*reasonable necessity of expenditures.*

A guardian will be surcharged with expenditures not shown to have been reasonably necessary.

ID.—*commissions.*

A guardian's commissions may be reduced for neglect of duties.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by one Isaac Kaiu from an order allowing the final accounts and discharge of his guardian J. H. Coney. The guardian charges himself with $1565.40 and asks to be allowed $2363.43, leaving a balance due him of $798.03. The accounts cover a period of over four years down to May 4, 1905, the ward coming of age in March, 1905.

In our opinion the guardian was derelict in not accounting annually. *Guardianship of Long Minors,* 7 Haw. 372.

The first item objected to is the payment of $1175 to the mother of the ward for his board and lodging, being at the rate of $25 a month from January 1, 1901, to November 30, 1904, no charge being made for the year 1900 nor for any time after November 30, 1904, the reason for which did not appear. The income of the minor during this period, as shown by the

accounts, was $1556.65, there being $208.75 to his credit when
the guardian was appointed. An inventory, which is neither
sworn to nor dated, shows the minor to own the following prop-
erty, to wit: 1 piece of land at Niumalu, 3 lots at Waipouli,
4 shares of hui land at Moloaa, an one-half interest in an undi-
vided property in Honolulu, and a leasehold at Nawiliwili. The
value of this real estate is not shown. At least two of the pieces
of land brought in no rentals. No personal property is listed
in the inventory, although it appears in 1902 that a sale of a
calabash and a cow realized $72, and although it appears that
for the years 1902 to 1904 inclusive personal property taxes
were paid of $3.65 annually and for the year 1901 $2.15. In
this connection it seems strange that such taxes should be paid
when there was apparently no personal property belonging to
the minor. Real estate taxes on Kauai amounted to $19
annually and on Oahu about $13 annually. The approval of
the circuit judge to paying the mother of the boy $25 a month
for his board and lodging was not secured. During this time
the boy testified that he earned in the neighborhood of $200 by
fishing. It appeared from the testimony of the mother that
they lived simply.

We do not agree with the contention of the appellant that
the guardian should not be allowed credits for these payments
because the mother was able to support her own son. The cor-
rect rule is that a reasonable amount may be allowed for the
maintenance of the minor, which amount, in the main, depends
on the size of his estate, the style of living he is entitled to, the
amount, if any, earned or capable of being earned by his own
exertions, and the ability and willingness of his mother to sup-
port him. If a guardian, without the approval of the judge,
spends more than the income on the maintenance of his ward,
he does so at his peril. In view of all the facts in this case,
we think $15 a month a reasonable and proper sum to allow
the guardian for maintaining his ward. The guardian is,
therefore, allowed to credit himself for the maintenance of his
ward from January 1, 1901, to November 30, 1904, the sum
of $725 and is surcharged with the sum of $450.

The next item objected to is $150 for a horse which the guardian bought for his ward on the ground that the ward wanted it in order to go out to look for work. Why the guardian should buy a horse for his ward, costing about six months' income, is beyond our comprehension. But we allow the item simply and solely for the reason that the ward still has the horse or the proceeds of its sale.

An objection to an item of $13.40 for baseball bats, etc., was withdrawn at the argument.

Items of expense in connection with the estate of Kahinu Mele were objected to. These amount to $120, $25 being for the retainer of attorneys who attended to the matter, $17 for costs of court, $12 for passage of the mother and boy to Honolulu, $30 for expenses of the mother and boy, presumably in Honolulu, and $36, time and expense of the guardian in Honolulu in connection with the same matter. The retainer fee and the costs of court are allowed. The necessity for the expenditure of the other amounts, namely, $78, not having been shown, the guardian is surcharged therewith.

The last item objected to is $139.58 for commissions charged by the guardian. In view of the facts appearing from the record, his commissions are reduced to $100. See *Guardianship of Hoare,* 14 Haw. 443.

Of our own motion we direct attention to a few things in regard to the handling of this estate. As already pointed out, the guardian was derelict in not rendering annual accounts. The guardian was appointed in December, 1899, but there do not appear to be any receipts for the year 1900. This is certainly very strange. The guardian in several instances allowed the tax payments to become delinquent and then sought to charge the ward with the amount of the penalties, which is not correct. The guardian also did not explain why no income was ever received from land in Honolulu on which he paid taxes, which certainly looks queer. The statute expressly provides that the guardian "shall manage the estate of the ward frugally and without waste." Revised Laws, Sec. 2314. And such is the rule in the absence of statute. Guardians should

be held strictly to account and not allowed to play fast and loose with the property of their wards.

It is the order of this court that the guardian be surcharged wih $567.53 and that in other respects the decree be affirmed.

*J. Lightfoot*, (*Magoon & Lightfoot* on the brief), for Isaac Kaiu.

*W. T. Rawlins* for the guardian.