## IN THE MATTER OF THE ESTATE OF THOMAS K. LALAKEA, DECEASED.

### No. 1511.

ERROR TO CIRCUIT JUDGE FOURTH CIRCUIT. HON. H. L. ROSS, JUDGE.

SUBMITTED MARCH 12, 1924.　　　　　　DECIDED MARCH 18, 1924.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE BANKS IN PLACE OF PETERS, C. J., DISQUALIFIED.

EXECUTORS AND ADMINISTRATORS—*final accounts—administrators' commissions.*

> Under the statute administrators are entitled to commissions on moneys received (representing the estate at the institution of the trust) and on moneys paid out (on final distribution to the same person as a beneficiary entitled thereto), even though the two transactions were effectuated by a mere exchange of receipts, without actually handling any coin or other money.

OPINION OF THE COURT BY PERRY, J.

The opinion of this court in re *Estate of Lalakea,* 26 Haw. 243, contains a recital of the steps theretofore taken in this cause. Further proceedings having subsequently been had in the trial court, the case now comes to this court on writ of error. There are three assignments of error. One is that the trial judge erred in denying the appellant's motion for a reopening of the case and a rehearing upon the question of whether the sum of $8094 was correctly surcharged against the appellant, who was the original administrator of the estate of the decedent, by the trial court and subsequently by this court on appeal (26 Haw. 259-263). The motion was based upon the ground of newly discovered evidence and of "mistake made on the former hearing." In support of the motion an affidavit of the appellant was filed stating that for a

period of more than eight years, from 1906 to 1915, deponent was the owner of certain real and personal property; that the decedent, Thomas K. Lalakea, was his attorney-in-fact and agent and as such received the rents from the property mentioned; that the total of the rents produced by said property was approximately $1637 per annum; that "in the aggregate the sum of $13,096 has been realized from 1906 to 1915;" that the taxes on certain parts of the property named were paid by the.decedent as agent for the appellant but that the exact amount of the taxes so paid was unknown to the movant, and that the amount realized from the property belonging to the movant "had been continuously from time to time deposited in the Bank of Bishop & Company, Hilo branch, by T. K. Lalakea for Solomon K. Lalakea affiant herein as attorney-in-fact for said affiant." In the course of the hearing of this motion the trial judge made a remark to the effect that the movant had at the time of the former proceedings knowledge of all the facts now set forth in the affidavit and counsel for the movant expressly conceded to the court that the evidence offered could not be held to be newly discovered evidence and that "as far as newly discovered evidence" is concerned "that phase is taken out." The trial judge was doubtless correct in holding that the evidence offered was not newly discovered within the meaning of the rule relating to new trials or reopening of trials. The mere assertion that the trial court at the original hearing, and this court when the cause was first here on appeal, erred in surcharging the appellant does not constitute a ground for reopening the case. At best the question of whether or not the case should be reopened was a matter in the discretion of the trial judge. If he had exercised that discretion by granting the motion, this court in all probability would not have set aside the ruling. On the other hand, the discretion having been exer-

cised by refusing to reopen the trial, no reason appears for holding that there was any abuse of discretion in the ruling as made.

Another assignment is that the trial court erred in awarding to the attorney for the administrator *de bonis non administratis* a fee in the sum of $750. The attorney made a statement, as a witness in the case, of the services that he had rendered as attorney. Those services extended over a period of more than two years commencing with the date of the appointment of the administrator d. b. n., related to all proceedings had in the matter of the estate during that period and included efforts to compel payment by the original administrator, who had been discharged by order of the court, to pay to the incoming administrator the sums which had been surcharged, which amounted to a total of about $16,500. It will serve no useful purpose to recite in detail all of the evidence of the attorney concerning the services rendered by him. There was no evidence to the contrary. It cannot be said that in the light of the uncontradicted testimony on the point the amount awarded was excessive.

The remaining assignment is that the court erred in allowing to the administrator d. b. n. 2½% commissions for receiving and 2½% commissions for paying the sum of $3966.67. Counsel seem to be agreed that up to a certain time the discharged administrator had paid to the administrator d. b. n. all. of the amounts surcharged against him save the sum of $3966.67. The appellant was a beneficiary of the estate and as such entitled to one-eighth of the net proceeds in the hands of the administrator d. b. n. upon final distribution. He also secured from two other beneficiaries, each of whom was entitled to one-eighth of the net proceeds upon final distribution, an assignment of their rights to such proceeds and further procured from still another beneficiary an assignment of

his interest to the extent of the sum of $466.67. In order to facilitate the payment by the appellant of the amount due him upon the surcharges, the administrator d. b. n. agreed to pay him as a part of the same transaction $4666.67 composed of the following items: the sum of $1400 as a partial distribution to the owner of each of the three one-eighth shares held by the appellant and $466.67 to the appellant as holder by assignment of the interest above mentioned in that sum. In logical order the sum of $3966.67 should have first been paid by the appellant to the administrator d. b. n. and then with the aid of that payment the administrator should have paid to the appellant the sum of $4666.67. Instead of following this order in its strictness, however, the appellant gave to the administrator a receipt for the sum of $4666.67 and the administrator gave to the appellant a receipt for the sum of $3966.67 plus $700 in cash. The question is whether under our statute the administrator d. b. n. is entitled to commissions upon the sum of $3966.67. The language of the statute (Sec. 2542, R. L. 1915) is: "Executors, administrators and guardians shall be allowed the following commissions upon all moneys received and accounted for by them, that is to say: Upon all moneys received representing the estate at the time of the institution of the trust, such as cash in hand and moneys realized from securities, investments, and from sales of real estate and personal property other than interest, rents, dividends and other profits coming due after the inception of the trust, two and one-half per centum. Upon the final payment thereof or any part thereof, two and one-half per centum; provided, however, that no commission shall be allowed as for final payments of such moneys except upon amounts actually expended and upon balances paid into court or to the parties thereunto entitled, upon the final settlement of the services for

which such executors, administrators or guardians shall have been appointed and qualified." The authorities on the point are few and not all to the same effect, due probably to differences in the language of the statutes. Upon reason, however, it would seem upon the facts of this particular case now before us that to all practical intents and purposes the appellant did pay to the administrator d. b. n. the sum of $3966.67 and that the administrator did pay to the appellant the sum of $4966.67. That a part only of these moneys was physically passed from the one to the other would seem to be immaterial. It would have been a useless formality for each to have handed over to the other the full amount due by him. To all intents and purposes the administrator d. b. n. has collected from the appellant the amount due by the latter and has paid to the appellant the amounts due him in the process of distribution of the estate.

"The terms 'receipts' and 'disbursements' * * * ordinarily refer to money actually received and paid out. But in many cases the actual manual receipt of the money on the one hand and paying it out on the other are not required, if the result is produced in another way." 11 A. & E. Ency. L. 1294.

"I do not perceive any substantial difference between an executor obliging a creditor who has purchased property of the estate actually to pay the money, and then to repay him the amount as a creditor, and passing receipts with him." *Kiddle* v. *Hammond*, 5 S. C. Eq. (Harp.) 223 (Book 21, S. C.).

"It appeared that several of the heirs were owing the decedent different amounts, aggregating about $26,000. The administrator made satisfactory settlements with them and paid to each his distributive share, less what was so owing the estate and took his receipt for the full amount of such share. And thus it is true that this

indebtedness was not actually paid into his hands. But it is clear that for all purposes of law and right, he collected and disposed of it for the estate and as administrator. To have received it with one hand as assets and paid it back with more, as distributive share, with the other, would have been an idle and superfluous ceremony, which the law would not require." The commissions were allowed. *Elder* v. *Whittemore,* 51 Ill. App. 662, 670. To the same effect is *Huddleston* v. *Kempner,* 28 S. W. (Tex.) 936, 937. In the *Estate of Molteno,* 3 Haw. 288, the court did not hold to the contrary. The ruling there was simply that administrators are not allowed commissions on specific chattels transferred in kind. So also in re *Estate of Kraft,* 16 Haw. 159, the precise question now before this court was not considered. In that case the devisees who had the entire beneficial interest in certain lands required by the will to be sold by the administrator, the proceeds to be divided among the same devisees, elected to take the lands in kind; and they were transferred in kind without any sale. Commissions were disallowed. That ruling has no application to the facts of the case at bar.

The judgment is affirmed.

*J. S. Ferry* and *W. B. Pittman* for plaintiff in error.

*J. W. Russell* for defendant in error.